UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20725-CIV-WILLIAMS/MCALILEY

MATTHEW ROSINSKY,

    Plaintiff,

vs.

TOORIST-TECH SOLUTIONS, LLC.,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is the Joint Motion to Approve Settlement of FLSA Claims and Joint Stipulation for Dismissal with Prejudice, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 23, 24). This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, for overtime compensation. (ECF No. 1). The parties reached a full settlement of this action, which they now ask the Court to approve. (ECF No. 23).

The FLSA requires the Court to determine whether the parties' compromise is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In making this determination courts may consider factors, such as: "(1) the existence of collusion behind the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v.*

*Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1-2 (M.D. Fla. 2012) (citations omitted).

The parties filed a copy of their Settlement Agreement, which reflects that Plaintiff will be paid $1,875.00 in overtime compensation, and an additional $1,875.00 in liquidated damages. (ECF No. 23-1, *Settlement Agreement and General Release*, at ¶¶ 2(a)(1), (2)). These amounts represent approximately 60% of the damages that Plaintiff sought at the outset of his lawsuit. (*See* ECF No. 12 at 2, *Statement of Claim*). The Settlement Agreement also includes a general release of all claims that Plaintiff may have against Defendant, (ECF No. 23-1 at ¶ 5), for which Plaintiff will receive $250.00 as consideration. (*Id*. at ¶ 2(a)(4)). I have carefully reviewed the record in this case, including the strengths and weaknesses of Plaintiff's FLSA claim and Defendant's defenses thereto. I have considered that information in light of the fairness factors identified above, and I conclude that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over Plaintiff's FLSA claim.

In addition to conducting a fairness analysis of the amount paid to compromise Plaintiff's FLSA claim, the Court must also evaluate the reasonableness of any attorneys' fees included in a FLSA settlement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). According to Plaintiff's Statement of Claim, his attorney incurred $5,085.00 in attorney's fees through April 2022, which is before Defendant appeared in this action. (ECF No. 12 at 2). That figure does not take into account time that Plaintiff's counsel spent on subsequent matters, such as evaluating Defendant's answer and affirmative defenses and response to Statement of Claim, or negotiating the parties' Joint Scheduling Report.

The Settlement Agreement reflects that Plaintiff's counsel will be paid $4,000.00 in attorney's fees and costs. (ECF No. 23-1 at ¶2(a)(3)). This amount was negotiated

2

separately from the amounts to be paid to Plaintiff, (ECF No. 23 at 5), and represents a reduction in the amount of attorney's fees that Plaintiff's counsel will recover. Having carefully considered the record, I conclude that the amount of attorneys' fees and costs that Plaintiff's counsel will receive for prosecuting Plaintiff's FLSA claim is reasonable.

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Joint Motion to Approve Settlement of FLSA Claims (ECF No. 23), **APPROVE** the parties' Settlement Agreement (ECF No. 23-1), and **DISMISS** this action **WITH PREJUDICE**.

**No later than (7) seven days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in chambers in Miami, Florida, this 27th day of July 2022.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
    Counsel of Record