UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-20725-CIV-WILLIAMS

MATTHEW ROSINSKY,

    Plaintiff,

v.

TOORIST-TECH SOLUTIONS, LLC,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on U.S. Magistrate Judge Chris M. McAliley's Report and Recommendation ("***the Report***") (DE 25) on the Parties' Joint Motion to Approve Settlement of FLSA Claims ("***the Joint Motion***") (DE 23) in the above-captioned case.

On March 10, 2022, Plaintiff Matthew Rosinsky ("***Plaintiff***") initiated this action against Defendant Toorist-Tech Solutions, LLC ("***Defendant***") under the Fair Labor Standards Act ("***FLSA***"), codified at 29 U.S.C. § 201, *et seq.* (DE 1.) On June 1, 2022, the Parties filed a notice indicating that they reached a settlement in this matter. (DE 17.) In accordance with the Court's June 1, 2022 Paperless Order (DE 18), the Parties filed the Joint Motion on July 15, 2022. (DE 23.) The Joint Motion requests that the Court approve the Parties' Settlement Agreement (DE 23-1) and dismiss this case with prejudice. (DE 23 at 1, 6.) On July 27, 2022, Judge McAliley issued the Report, recommending that the Court grant the Joint Motion and approve the Settlement Agreement. (DE 25 at 1, 3.) No objections to the Report have been filed.

To approve a settlement agreement in an FLSA action, a federal district court must determine that the compromise reached between the parties constitutes a fair and reasonable resolution of a *bona fide* FLSA dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Further, when a plaintiff is represented by counsel, review of the reasonableness of attorney's fees serves to "assure both that counsel is compensated adequately

and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

Here, under the Parties' Settlement Agreement, Defendant intends to pay Plaintiff $1,875.00 in overtime compensation, $1,875.00 in liquidated damages, and $250.00 as consideration for Plaintiff's release of all claims that he may have against Defendant. (DE 23-1 ¶¶ 2, 5.) Additionally, Defendant intends to pay Plaintiff's counsel $4,000.00 as compensation for Plaintiff's attorney's fees and costs. (DE 23-1 ¶ 2.) Judge McAliley found that the Parties' compromise constitutes a fair and reasonable resolution of this dispute. (DE 25 at 2–3.) Upon an independent review of the Report, the Parties' Joint Motion and Settlement Agreement, the underlying record, and relevant case law, the Court agrees.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The conclusions in the Report (DE 25) are **AFFIRMED AND ADOPTED**.
2. The Parties' Joint Motion (DE 23) is **GRANTED**.
3. The Parties' Settlement Agreement (DE 23-1) is **APPROVED**.
4. This action is **DISMISSED WITH PREJUDICE** and each side will bear its own fees and costs, except as otherwise provided in the Settlement Agreement. (DE 23-1.)
5. This case remains closed.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 16th day of August, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE